UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALONI RHODAN, | Case No. EDCV 13-02079 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising one disputed issue. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her subjective symptom testimony. (JS 2-8.) Plaintiff testified that she is unable to work due to cervical spine degeneration, daily asthma attacks, chest pain, high blood pressure, and swelling and pain in her foot. (AR 24, 38-39, 48.) Plaintiff reported that she suffers from headaches, and has difficulty breathing, smelling, lifting more than 2 pounds, and standing or walking more than 10 to 15 minutes at a time or more than 1 to 2 hours in an

8-hour period. (AR 47-57.) The ALJ determined that Plaintiff suffers from severe impairments (i.e., acute foot pain, neck sprain, hypertension, obstructive sleep apnea, obesity, shortness of breath, cardiomegaly, and severe asthma), but found that her allegations concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent they were inconsistent with her residual functional capacity for a range of sedentary work. (AR 23-25.)

In the decision, the ALJ stated that Plaintiff's claim that she engages in very limited daily activities could not be objectively verified and was outweighed by the "relatively weak medical evidence." (AR 25.) Plaintiff contends the ALJ improperly rejected her testimony on the ground that it was unsupported by objective medical evidence. (JS 5-6; AR 23.) The Court agrees. The degree of symptoms caused by an impairment is subjective and can vary from individual to individual. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Thus, an ALJ may not discredit a claimant's testimony about the severity of symptoms based solely on the conclusion that the assertions are unsupported by objective medical evidence. *See Bunnell v. Sullivan*, 947 F.2d 341, 347-48 (9th Cir. 1991); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Moreover, it appears that in this case, the ALJ failed to properly consider the objective medical evidence. For example, the ALJ noted that Plaintiff's asthma was reported as "better controlled" after she started a new medication in September 2010, and "stable" in May 2011 and September 2011. (AR 26, 311, 339, 554, 558, 636.) The ALJ, however, failed to discuss more recent medical records indicating that Plaintiff's asthma had become "worse" and was "poorly controlled." (AR 634, 695, 692.) In addition, although Plaintiff was consistently treated for hypertension, the record shows that Plaintiff's high blood pressure was difficult to control. (AR 392, 560, 568, 586, 588, 591, 597, 636, 692.) Thus, the lack of objective evidence to corroborate Plaintiff's symptoms was not a proper basis to discredit Plaintiff's subjective complaints. *Smolen*, 80 F.3d at 1281 (in the absence of affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's subjective complaints must be "specific, clear and convincing").

Another reason cited by the ALJ, Plaintiff's routine and conservative treatment, also fails to justify rejection of Plaintiff's credibility. (AR 25.) The record shows that Plaintiff's asthma was treated primarily with prescription medications. (AR 26, 392, 505-06, 509, 511, 513-17, 593-94, 597.) Plaintiff also testified that she sometimes had to seek treatment in an emergency room, because her asthma attacks did not always respond to medication. (AR 61-62.) Contrary to Plaintiff's testimony, the ALJ found that the medical record failed to reflect any emergency room treatment for asthma. (AR 25.) Therefore, the ALJ concluded that Plaintiff's treatment had been routine and conservative. (AR 25-26.) The ALJ's conclusion is unsupported by the record. The medical records from VA Loma Linda Healthcare Systems establish that Plaintiff received emergency room treatment for asthma or bronchitis on at least three occasions between June 2009 and January 2010. (AR 310-11.) A record from a treating physician also indicates that Plaintiff may have received emergency room treatment for asthma in April 2010. (AR 596.) While the administrative record does not contain detailed chart notes from these several emergency room visits, the ALJ should have developed the record further to the extent he needed clarification regarding the nature or extent of treatment. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Thus, Plaintiff's alleged "conservative" treatment was not a clear and convincing reason to support the ALJ's adverse credibility determination.

The ALJ further found Plaintiff's testimony unreliable because Plaintiff's appearance at the hearing conflicted with her reported symptoms. (AR 25.) Plaintiff testified that she experiences swelling in her foot 2 to 3 times a week. (AR 48.) She explained that she might "have a little limp" from the swelling, and she sometimes uses a cane to get around if the swelling is "really bad." (AR 48.) Plaintiff acknowledged, however, that a cane had not been prescribed, and that her foot was not swollen on the day of the hearing. (AR 48.) In the decision, the ALJ noted that while Plaintiff "alleged significant ambulation difficulties including the use of a non-prescribed cane and foot swelling, [Plaintiff] was noted as being able to ambulate without difficulty at the hearing

and no foot swelling was observed." (AR 25.) The ALJ's reliance upon his personal observations at the hearing has been condemned as "sit and squirm" jurisprudence. *See Perminter v. Heckler*, 765 F.2d 870, 871 (9th Cir. 1985) (per curiam) ("Denial of benefits cannot be based on the ALJ's observation of [plaintiff], when [plaintiff's] statements to the contrary, as here, are supported by objective evidence."); *Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir. 1984) ("The fact that a claimant does not exhibit physical manifestations of [symptoms] at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations . . . are not credible."). Furthermore, there was no significant inconsistency between Plaintiff's testimony and the appearance of her foot and ability to ambulate at the hearing. Plaintiff explained that the swelling in her foot was intermittent (2 to 3 times a week), and that her foot was not swollen on the day of the hearing. (AR 48.) Thus, the ALJ's personal observations of Plaintiff at the hearing was not a sufficient basis for making the adverse credibility finding.

Accordingly, Plaintiff is entitled to remand on Issue #1.

**ORDER**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds a remand is appropriate because there are unresolved issues that,

when properly resolved, may ultimately still lead to a not disabled finding. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (internal quotation marks and citation omitted). Accordingly, the present case is remanded for further proceedings consistent with this Memorandum and Order.

IT IS THEREFORE ORDERED that a judgment be entered reversing the Commissioner's final decision and remanding the case so the ALJ may make further findings consistent with this Memorandum and Order.

DATED: July 1, 2014

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE